

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

                Plaintiff,

v.

REGINALD EBURUCHE,

                Defendant.

_____/

CRIMINAL NO.

VIOLATION: 18 U.S.C. § 1344(2)

Case: 2:24-cr-20400
Assigned To : Edmunds, Nancy G.
Referral Judge: Grand, David R.
Assign. Date : 7/25/2024
Description: IND USA V. EBURUCHE (DJ)

## **INDICTMENT**

THE GRAND JURY CHARGES:

### **General Allegations**

At all times relevant to this Information:

1. Reginald Eburuche (Eburuche) was a resident of Oakland County, Michigan in the Eastern District of Michigan.

2. Eburuche was the owner and Chief Executive Officer of Renovis Healthcare, LLC, which was registered in the State of Michigan and located within the Eastern District of Michigan.

3. Eburuche controlled a business checking account for Renovis Healthcare, LLC, at a branch of Fifth Third Bank located within the Eastern District of Michigan.

4. The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans suffering the economic effects

caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck Protection Program (PPP). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

5.  In order to obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.

6.  In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees.  These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan had to provide documentation showing their payroll expenses.

7.  A PPP loan application had to be processed by a participating lender.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the Small Business Administration (SBA). Data from the application, including information about the

2

borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

8. PPP loan proceeds had to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The proceeds were to be used as working capital for the established business, not to start or expand a business. Interest and principal on the PPP loan could be entirely forgiven if the business spent the loan proceeds on permissible expenses within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

9. Fifth Third Bank was a financial institution, as defined in 18 U.S.C. § 20(1), whose deposits were insured by the Federal Deposit Insurance Corporation (FDIC).

10. Fifth Third Bank was a participating lender in the Paycheck Protection Program which funded PPP loans using its own monies.

### COUNT 1
*(Bank Fraud - 18 U.S.C. § 1344(2))*

11. The general allegations are included in this count.

12. In or about July 2020, in the Eastern District of Michigan, the defendant, Eburuche, knowingly executed and attempted to execute a scheme to obtain moneys, funds, credits, assets, and other property owned by, and under the custody and

3

control of, Fifth Third Bank, by means of false and fraudulent material pretenses, representations, and promises.

## The Scheme

13. On or about July 27, 2020, Eburuche knowingly submitted and caused the submission of a PPP loan application for $1,760,000 on behalf of Renovis Healthcare, LLC, to Fifth Third Bank.

14. As Eburuche knew and intended, the PPP loan application he submitted contained false and fraudulent material pretenses, representations, and promises.

15. To deceive Fifth Third Bank into approving the PPP loan and obtain money under the custody and control of the bank, within the PPP loan application Eburuche falsely, and with intent to defraud, overstated the average monthly payroll expenses of Renovis Healthcare, LLC.

16. In furtherance of the scheme to defraud and obtain money from Fifth Third Bank, within the PPP loan application Eburuche falsely overstated the number of employees working for Renovis Healthcare, LLC.

17. In furtherance of the scheme to defraud and obtain money from Fifth Third Bank, Eburuche knowingly signed and submitted a false and fraudulent IRS Form 941 (Employer's Quarterly Federal Tax Return) in support of the PPP loan application.

18. On or about July 27, 2020, Fifth Third Bank approved and disbursed PPP loan proceeds in the amount of $1,760,000 to the business checking account for Renovis Healthcare, LLC, at Fifth Third Bank controlled by Eburuche.

All in violation of Title 18, United States Code, Section 1344(2).

## FORFEITURE ALLEGATIONS
### 18 U.S.C. § 982(a)(2)(a) and 18 U.S.C. § 981(a)(1)(c) with 28 U.S.C. § 2461

19. The above allegations contained in this Information are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(2)(a) and 18 U.S.C. § 981(a)(1)(c) with 28 U.S.C. § 2461.

20. As a result of violating 18 U.S.C. § 1344, as set forth in this Information, Eburuche shall forfeit to the United States any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as the result of his violation of 18 U.S.C. § 1344(2), including $1,623,984.76 in funds from bank account XXXXXX6920, held in the name of Renovis Health, LLC., at Fifth Third Bank, Troy, MI.

21. Money Judgment: Upon conviction of violating 18, United States Code, Section 1343, defendant shall be ordered to pay the United States a sum of money equal to the total amount of proceeds defendant obtained as a result of such violation, specifically $1,760,000.

5

22. <u>Substitute Assets:</u> If all or any of the the property described above as being subject to forfeiture, as a result of any act or omission of defendant:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated

by 18 U.S.C. § 982(b), to seek forfeiture of any other property of Eburuche up to

6

the value of the $1,760,000 still outstanding.

THIS IS A TRUE BILL

*s/GRAND JURY FOREPERSON*

DAWN N. ISON
United States Attorney


*s/Mark Chasteen*
Mark Chasteen
Chief, White Collar Crime Unit

*s/Carl D. Gilmer-Hill*
CARL D. GILMER-HILL
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9585
Carl.Gilmer-Hill@usdoj.gov
CA161939

Dated: July 25, 2024

7

| United States District Court<br>Eastern District of Michigan | Criminal Case Cove | Case: 2:24-cr-20400<br>Assigned To : Edmunds, Nancy G.<br>Referral Judge: Grand, David R.<br>Assign. Date : 7/25/2024<br>Description: IND USA V. EBURUCHE (DJ) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to comple...

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes   ☒ No | AUSA's Initials: *CDGH* |

Case Title: USA v. REGINALD EBURUCHE

County where offense occurred : Oakland

Check One:   ☒ Felony              ☐ Misdemeanor              ☐ Petty

   ✓ Indictment/____ Information --- **no prior complaint.**
   ____ Indictment/____ Information --- based upon prior complaint [Case number:         ]
   ____ Indictment/____ Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: _____   Judge: _____

   ☐ Corrects errors; no additional charges or defendants.
   ☐ Involves, for plea purposes, different charges or adds counts.
   ☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

July 25, 2024
Date

Carl D. Gilmer-Hill
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:313-226-9585
E-Mail address: Carl.Gilmer-Hill@usdoj.gov
Attorney Bar #:  CA161939

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.