UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REGINALD EBURUCHE,

    Defendant.

_____/

Case No. 24-20400

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO DISMISS FOR SELECTIVE PROSECUTION [32]**

On May 29, 2025, a jury convicted Defendant Reginald Eburuche of bank fraud in violation of 18 U.S.C. § 1344(2). The matter is now before the Court on Defendant's motion to dismiss his conviction due to selective prosecution. (ECF No. 32.) Defendant maintains there is a disparity in how similarly situated defendants accused of submitting false applications for Paycheck Protection Program (PPP) assistance are treated by the Department of Justice based on their race or ethnicity. For the reasons stated below, the Court concludes that Defendant's motion is both untimely and fails to support a claim with clear evidence. For those reasons, Defendant's motion to dismiss is DENIED.

Following his conviction, Defendant contends that he learned of four Michigan companies that were offered the opportunity to settle allegations that they made false statements to obtain PPP loans and avoid criminal charges. After civil settlements were reached in those cases, the companies paid back the funds they had obtained. Defendant was not offered this same opportunity. Rather, he paid back the money he obtained and was still criminally indicted. Defendant alleges that in selecting who to

1

prosecute, the government discriminates based on race and ethnicity by allowing "wealthier, white men and/or corporations" to resolve allegations of fraud by civil settlement.

I.   Defendant's Motion is Untimely

"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). As the claim asserts a "defect in instituting the prosecution," it must be raised by motion prior to trial if the basis for the motion is then reasonably available. Fed. R. Crim. P. 12(b)(3)(A)(iv); *United States v. Edwards*, 783 F. App'x 540, 546 (6th Cir. 2019). Failure to timely raise the claim results in waiver absent a showing of good cause. Fed. R. Crim. P. 12(c)(3); *Parris v. United States*, No. 04-CR-80260, 2009 WL 454630, at *5 (E.D. Mich. Feb. 24, 2009). Here, Defendant filed his motion to dismiss on grounds of selective prosecution three weeks after he was convicted at trial. The similar situations Defendant identifies in his motion were all discoverable prior to his trial and he has shown no cause to excuse his procedural default.

The Court finds that Defendant has waived his right to pursue this claim.

II.   Defendant Has Not Met the Standards for Alleging Selective Prosecution

Even if Defendant's selective prosecution claim is not procedurally defaulted, it fails on the merits. "Selective-prosecution occurs when impermissible considerations motivate the prosecution of an individual but otherwise 'similarly situated individuals' who could have been charged 'were not similarly prosecuted.'" *Edwards*, 783 F. App'x 546 (citing *United States v. Jones*, 159 F.3d 969, 977 (6th Cir. 1998)). To succeed on

such a claim, a defendant must "present clear evidence" that (1) the government had a discriminatory intent, and (2) the prosecutorial policy had a discriminatory effect. *Edwards*, 783 F. App'x at 546 (citing *Armstrong*, 517 U.S. at 465).

    A.  Discriminatory Intent

Defendant argues that the government had discriminatory intent in selecting to prosecute him "for the impermissible purpose of randomly enforcing the statute against single business owners of color." (ECF No. 32, PageID.133.) As evidence, Defendant points out that he is the only person selected for prosecution from "a broad universe of individuals who have engaged in similar conduct but who have avoided criminal prosecution." (*Id*. at PageID.133-34.) Defendant, however, fails to offer affirmative proof of discriminatory intent and relies solely on a theory of discriminatory effect. Defendant cites out-of-circuit authority which states that "under some circumstances proof of discriminatory impact 'may for all practical purposes demonstrate unconstitutionality because in various circumstances the discrimination is very difficult to explain on nonracial grounds.'" *United States v. Gordon*, 817 F.2d 1538, 1541 (11th Cir. 1987) (vacated on other grounds) (citing *Washington v. Davis*, 426 U.S. 229, 242 (1976)). Though *Gordon* recognized the possibility of relying on discriminatory impact to show intent, it did not apply the theory to the facts under consideration. The defendant in *Gordon* offered affirmative proof of discriminatory intent in the form of a statement by the Department of Justice explaining that certain investigations were part of a new policy. The Eleventh Circuit found that when the other evidence was viewed together with the DOJ statement about its new policy, it suggested a pattern of discriminatory activity by the Government. *Id*. at 1540.

3

The Sixth Circuit has recognized that in all but the most severe cases, the general rule requires a defendant to independently show that discriminatory intent exists separate from the requirement of showing discriminatory effect. *See United States v. Thorpe*, 471 F.3d 652, 660–65 (6th Cir. 2006) (citing *Yick Wo v. Hopkins,* 118 U.S. 356 (1886) as an exception to the general rule requiring separate evidence of discriminatory intent. In *Yick Wo*, the City of San Francisco applied an ordinance prohibiting the operation of laundries in wooden buildings against Chinese nationals only, denying all 200 permit applications submitted by Chinese nationals, but granting all 80 permit applications submitted by non-Chinese nationals).

Defendant has failed to articulate any support for alleged discriminatory intent by the Government.

B.  Discriminatory Effect

To show discriminatory effect, defendants must produce at least "some evidence" that comparators engaged in the same conduct "under the same circumstances" but were treated differently. *See United States v. Darwich*, 574 F. App'x 582, 589 (6th Cir. 2014) ("Regarding discriminatory effect, [defendant] alleges that the Government chose not to prosecute the more culpable Caucasian and African–American participants in the fraud scheme…. However, [defendant] presents no evidence indicating any of these individuals were similarly situated as is required to establish discriminatory effect.").

First, Defendant fails to identify the race or ethnicity of the owners of the businesses he claims to be similarly situated but treated differently. Second, all four cases Defendant identifies in his motion to dismiss are *qui tam* actions, where an interested third party with insider knowledge of the fraud referred them to the

4

government. *Qui tam* cases are fundamentally different because they generally would not be discovered but-for the insider's disclosures. Third, the amount of money involved in the comparator cases is much less than Defendant's case. The Government points out that, collectively, the four companies identified by Defendant obtained six PPP loans, the aggregate value of which totaled less than $1,000,000. This is significantly less than Defendant's $1,700,000 loan.

Defendant fails to produce sufficient evidence to show discriminatory effect.

C.  Request for Discovery and/or Evidentiary Hearing

Defendant requests that the Court allow him to conduct discovery to further support his claim. To obtain discovery or an evidentiary hearing, a defendant must make a "credible showing" of both discriminatory effect and intent. *Armstrong*, 517 U.S. at 468. As set forth above, Defendant has shown neither. The standard is "demanding" because discovery in this area "will divert prosecutors' resources and may disclose the Government's prosecutorial strategy." *Id*.

Similarly, an evidentiary hearing is warranted only if the motion contains sufficient facts to "take the question past the frivolous state and raise[] a reasonable doubt as to the prosecutor's purpose." *United States v. Hazel*, 696 F.2d 473, 475 (6th Cir. 1983).

For the reasons discussed herein, Defendant's motion to dismiss for selective prosecution (ECF No. 32) is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 15, 2025

5