UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

REGINALD EBURUCHE,

     Defendant.

_____/

Case No. 24-20400

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR
JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL [30]**

Defendant Reginald Eburuche was charged with bank fraud in violation of 18 U.S.C. § 1344(2). (ECF No. 1.) Trial commenced on May 20, 2025. At the end of the government's case-in-chief, Defendant made an oral motion for a directed verdict. (ECF No. 23.) The Court took the motion under advisement. On May 29, 2025, the jury returned a verdict of guilty against Defendant. (ECF No. 25.) On June 4, 2025, the Court issued a written order denying Defendant's oral motion for directed verdict, finding that when the evidence was viewed in the light most favorable to the prosecution, "there was sufficient evidence presented at trial from which a reasonable jury could find that Defendant committed bank fraud, including that he had the requisite intent to defraud." (ECF No. 26.)

The matter is now before the Court on Defendant's renewed motion for judgment of acquittal and motion for new trial. (ECF No. 30.) A post-trial motion for judgment of acquittal must be filed or renewed within 14 days after the jury verdict. Fed. R. Crim. P. 29(c)(1). A 14-day deadline also applies to motions for a new trial under Rule 33(b)(2)

when based on any reason other than newly discovered evidence. Defendant's

renewed motion was filed June 30, 2025, approximately 30 days after the jury returned

its guilty verdict. Defendant's renewed motion is therefore untimely. Rule 45(b)(1)(B)

allows the Court to extend the time for filing a motion on its own, or for good cause on a

party's motion, "after the time expires if the party failed to act because of excusable

neglect." Defendant has not sought an extension or provided any justification for the late

filing, nor is the Court aware of a reason to employ its equitable authority to extend the

deadline in this case.

The Sixth Circuit has explained that the deadline for filing Rule 29(c) and Rule 33

motions is to be strictly enforced:

> Rules 29 and 33 of the Federal Rules of Criminal Procedure seek to
> promote finality by creating a bright-line rule: defendants must file their
> motions within fourteen days or they will be lost. *See* Fed. R. Crim. P. 29,
> 33 advisory committee's note to 2005 amendments. Moreover, prompt filing
> of these motions allows for the presiding judge to rule on them while the
> evidence is still fresh in her mind. The only exception to this bright-line rule
> comes in the case of excusable neglect. But without a finding of excusable
> neglect, the time limits should be enforced and the motions forfeited.

*United States v. Elenniss*, 729 F. App'x 422, 428 (6th Cir. 2018). Because Defendant's

renewed motions are untimely, the Court does not have jurisdiction to determine them

on the merits.

For the reasons discussed herein, Defendant's renewed motion for judgment of

acquittal and motion for new trial (ECF No. 30) is DENIED.

SO ORDERED.

s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated: September 15, 2025